## In re GREAT POINT INTERMODAL, LLC, Debtor.

### Great Point Intermodal, LLC, Plaintiff,

v.

### Norfolk Southern Corporation and Norfolk Southern Railway Company, Defendants.

Bankruptcy No. 03–12294 SR.
Adversary No. 03–178.

United States Bankruptcy Court,
E.D. Pennsylvania.

Aug. 2, 2005.

---

Albert A. Ciardi, III, Ciardi & Ciardi, P.C., Philadelphia, PA, Jeffrey D. Cohen, Janssen Keenan & Ciardi, PC, Philadelphia, PA, Kenneth J. Grunfeld, Janssen Keenan and Ciardi, PC, Philadelphia, PA, Paul D. Keenan, Janssen, Keenan & Ciardi, PC, Philadelphia, PA, Rosalie Lawlor Spelman, Ciardi & Ciardi P.C., Philadelphia, for Defendants.

John C. Kilgannon, Stevens & Lee, P.C., Philadelphia, PA, Robert Lapwsky, Stevens & Lee, Philadelphia, PA, Marnie E. Simon, Stevens & Lee, P.C., Philadelphia, PA, for Plaintiff.

## Opinion

STEPHEN RASLAVICH, Bankruptcy Judge.

### Introduction

The District Court remanded this adversary proceeding to determine the plaintiff's entitlement to interest. A hearing was held in this Court on July 20, 2005, at which the parties were given the opportunity to present evidence and make argument as to Plaintiff's entitlement to such relief. For the reasons which follow, the Court will award the Plaintiff interest for the pre- and post-judgment periods.

### Background

The District Court pointed out that although an interest demand was in the pleadings [1] and raised on appeal, no evidence was presented as to interest at trial nor was it even mentioned then. *See* District Court Opinion, 6. Has the plaintiff waived its right to interest by not raising it below? Or if it is entitled to interest, from what point in time does it accrue?

### Has the Plaintiff Waived its Right to Interest?

The District Court raises the question of whether the Plaintiff's failure mention interest at trial or present any evidence regarding interest constitutes a waiver of such right. The classic definition of waiver is an intentional relinquishment or abandonment of a known right or privilege. *Reynolds v. Ellingsworth,* 23 F.3d 756, 763 (3d Cir.1994). Here, there is no indication that the Plaintiff knowingly abandoned any interest claim. More likely is that it expected this Court to award interest after entering judgment in its favor. Again, every one of its submissions—both pre- and post-trial—contain a request for interest. A leading commentator opines that "[u]nder Rule 54(c) courts should feel free to award prejudgment interest regardless of the absence of any request in the demand if it otherwise is appropriate to do so." Wright Miller & Kane, *Federal Practice & Procedure: Civil 3d* § 2664. Moreover, while the Plaintiff may not have specifically referenced interest at trial, its evidence was certainly probative on the point, while the Defendants' affirmative defenses were especially weak. The Court concludes, accordingly, that there are no grounds to find waiver here.

### The Relief Accorded to Final Judgments in Federal Courts

But even assuming that no specific request for interest had been made, the Plaintiff would be entitled to it. Like the policy underlying liberal, notice pleading in federal courts, the rules allow equal latitude with regard to requests for relief after judgment is entered. Federal Rule of Civil Procedure 54 provides, in pertinent part:

(c) **Demand for Judgment**.... Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, *even if the party has not demanded such relief in the party's pleadings.*

---

1. Every submission from the Plaintiff contains a demand for prejudgment interest. From the Amended Complaint through to the Plaintiff's Post–Trial Brief, each filing contains a prayer for interest. *See* Docket ## 23, 33, 36, 39, Amended Complaint, Joint PreTrial Statements, and Post–Trial Memorandum.

F.R.C.P. 54(c) (emphasis added).[2] A leading commentator on federal practice explains that the rule eschews hyper-technical prayers:

> With the exception of default judgments, Rule 54(c) provides that every final judgment should grant to the prevailing party all the relief to which the party is entitled, irrespective of whether the pleadings demanded that relief. Rule 54(c) ensures that the demand for judgment will not be read to rigidly control the relief that is ultimately awarded in the action. Essentially, Rule 54(c) ensures that substance will prevail over form. If the course of the action as litigated by the parties shows that relief of a particular kind or scope is warranted, that relief should be awarded, regardless of the state of the pleadings. The available relief is determined by the proof, not by the pleadings, and it is the duty of the court to grant all relief to which a party is entitled on that proof.

10 *Moore's Federal Practice*, § 54.72[1][a] (Matthew Bender 3d ed.). This applies to collateral, as well as direct, relief:

> If a litigant proves the elements of a claim for relief, any relief appropriate to that claim may be ordered, even if the party did not request the relief in the pleadings. This doctrine extends not only to relief ordered as direct compensation for the injury, but also to such incidental relief as attorney's fees and *pre-judgment* interest...

*Id.* at § 54.72[1][d] (emphasis added). The distinction between pre– and post-judgment interest is significant here: post-judgment interest is provided for not by any rule of procedure but, rather, by an entirely different section of the United States Code:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1–year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

28 U.S.C. § 1961(a). Professor Moore highlights the difference between claims and relief for purposes of determining the entitlement to interest:

> With respect to an award of interest, the distinction between interest on the judgment and interest on the claim should be noted. Under 28 U.S.C. § 1961, every money judgment bears interest from the date of its entry, so there is never any need to demand post-judgment interest as relief. Interest on the claim, however, constitutes pre-judgment interest, and whether it is authorized is a matter of the substantive law governing the claims for relief asserted. When the substantive law authorizes prejudgment interest, Rule 54(c) permits an award of the interest despite the pleader's failure to demand it in the pleadings.

*Id.* at § 54.72[1][d].

 Given the clear mandate of 28 U.S.C. § 1961, what remains to be decided is whether the substantive law provides for prejudgment interest. In a preference action, an award of pre-judgment interest is within the discretion of the bankruptcy court. *See e.g., In re USN Communications, Inc.*, 280 B.R. 573, 602 (Bankr.D.Del. 2002); *In re Cybermech, Inc.*, 13 F.3d 818, 822 (4th Cir.1994); *In re Investment Bankers, Inc.*, 4 F.3d 1556, 1566 (10th Cir.1993); *In re Bellanca Aircraft Corp.*, 850 F.2d 1275, 1281 (8th Cir.1987); *Matter*

---

**2.** Made applicable by B.R. 7054(a).

*of Milwaukee Cheese Wisconsin, Inc.*, 112 F.3d 845, 849 (7th Cir.1997); *see also Kaufman v. Tredway*, 195 U.S. 271, 273, 25 S.Ct. 33, 34, 49 L.Ed. 190 (1904) (holding that prejudgment interest may be awarded under the preference provision of an earlier Bankruptcy Act). Notwithstanding, an award of prejudgment interest in an avoidance action furthers the congressional policies of the Bankruptcy Code by compensating the estate for the time it was without use of the transferred funds. *See USN*, 280 B.R. at 602 citing *Milwaukee Cheese*, 112 F.3d at 849; *Cybermech*, 13 F.3d at 822–23 ("The award of prejudgment interest therefore serves to 'compensate the debtor's estate for appellant's use of those funds that were wrongfully withheld from the debtor's estate during the pendency of the current suit.'" *citing In re Investment Bankers, Inc.* 4 F.3d at 1566.) The discretion to award prejudgment interest is not "authorization to decide who deserves the money more. Discretion must be exercised according to law, which means that prejudgment interest should be awarded unless there is a sound reason not to do so." *Milwaukee Cheese*, 112 F.3d at 849; *see also In re R.M.L., Inc.*, 195 B.R. 602, 623 (Bankr. M.D.Pa.1996) (requiring substantial defense to have been raised to preclude prejudgment interest); *see also In re CCG 1355, Inc.*, 276 B.R. 377, 387 n. 21 (Bankr. D.N.J.2002) (holding that no award of prejudgment interest was warranted in preference case where judgment arose from differences asserted in good faith as to unliquidated amounts and questions not readily soluble without judicial intervention).

▮ The Court finds that pre-judgment interest is warranted here because the affirmative defenses put forth by the Defendants were wholly lacking in substance. The claim that the payment was made in the ordinary course of business between the parties flew in the face of obvious evidence of coercion: the record showed that the Defendants locked the Debtor out of its rail yards to get them to pay. The contemporaneous exchange and new value defense were equally weak considering that Defendants offered no discrete consideration in exchange for or after the Debtor paid it the preference. In sum, the record shows that the affirmative defenses raised by the Defendants were simply without merit. An award of pre-judgment interest is, therefore, appropriate here.

### When Does Interest Start to Accrue?

However, none of the Plaintiff's submission agrees on *when* such interest starts to accrue. The Amended Complaint demands interest from the date of the transfer, the Joint PreTrial Statement from the date that demand was made for the return of the preference, and the Post–Trial Brief from the date suit was filed.

▮ Prejudgment interest on a preferential transfer is recoverable from the date the return of the transfer was demanded, unless there is a sound reason otherwise. 5 *Collier on Bankruptcy* ¶ 547.15 (15th Edition Revised); *In re Nelson*, 117 B.R. 813, 818 (Bankr.E.D.Pa. 1990) (stating that consensus position is that prejudgment interest does not begin to accrue until some affirmative demand is made for return of preferential transfer). If no pre-litigation demand is made, then interest accrues from the date suit is filed. *See Sacred Heart Hosp. of Norristown v. E.B. O'Reilly Serv'g Corp. (In re Sacred Heart Hosp. of Norristown)*, 200 B.R. 114, 119 (Bankr.E.D.Pa.1996) ("[P]ast decisions of this court have established that the Debtor is generally entitled to pre-judgment interest from at least the date of the filing of a proceeding challenging preferential payments...") Nothing in this record

indicates that demand for the return of the preference was made before the litigation commenced. Therefore, prejudgment interest will accrue as of the date the adversary proceeding was filed. The prevailing rate will be the federal judgment interest rate. *See In re NETtel Corp., Inc.*, 327 B.R. 8, 9–11 (Bankr.D.D.C.2005) (holding that unless trustee requests another rate, interest will be calculated pursuant to 28 U.S.C. § 1961(b)).

*Calculation of Interest*

The total amount of interest due the Plaintiff for both the pre– and post-judgment periods is $2736.64 and is calculated as follows. Pursuant to § 1961(b), the rate of interest applicable to the pre-judgment amount is 1.27%. That was the rate applicable to one year Treasury maturities for the week preceding March 5, 2004, the date that this adversary proceeding was filed. *See* http:/www.federalreserve.gov/releases/h15. As to post-judgment interest, the applicable rate was 1.83%. It was derived similarly. *See id.* (listing rate applicable to one year Treasury maturities for week preceding May 21, 2004, the date the judgment was entered). Interest was computed daily and compounded annually as required by subsection (b). *See* 28 U.S.C. § 1961(b)

An appropriate order follows.

### ORDER

AND Now, upon remand of this matter from the District Court for consideration of whether the Plaintiff was entitled to an interest award in additional to the principal judgment amount, after a hearing held on July 20, 2005, and for the reasons set forth in the attached Opinion, it is hereby:

ORDERED that the Judgment entered in favor of the Plaintiff and against the Defendants in the amount of $83,976.75 shall be increased to include an additional $2736.64 in pre– and post-judgment interest. The total amount of the judgment is $86,713.39.